## Case No. 12,136.

### RUMFORD CHEMICAL WORKS v. VICE.

### SAME v. VARIOUS DEFENDANTS (56 Suits).

[14 Blatchf. 179; 2 Ban. & A. 584; 11 O. G. 600.] [1]

Circuit Court, E. D. New York. April 2, 1877.

PATENTS—LACHES—INJUNCTION.

1. Twenty days before the expiration of a patent for a self-raising flour, motions for injunctions, in over 50 suits, to restrain the infringement of the patent, were made. All of the suits but one were against grocers who were selling the flour. One was against a manufacturer. The patent had been sustained, on final hearing, in other suits, but had been much litigated, and until recently. Since then there had been no unnecessary delay. *Held*, that no laches could be imputed to the plaintiff.

2. Apprehension that the grocers may fear to sell non-infringing flours, and thus cause injury to the manufacturers of such flours, is no ground for withholding injunctions against the grocers.

3. That a person who has infringed by making the infringing flour has desisted, and has no intention of again making it, is no ground for not enjoining him.

[Cited in Celluloid Manuf'g Co. v. Arlington Manuf'g Co., 34 Fed. 325; Sawyer Spindle Co. v. Turner, 55 Fed. 981.]

[Cited in Judge v. Kribs, 71 Iowa, 183, 32 N. W. 325.]

[These were bills in equity by the Rumford Chemical Works against Thomas C. Vice and various other defendants for the infringement of letters patent No. 14,722, granted to E. N. Horsford, April 22, 1856; reissued June 9, 1868, No. 2,979. Heard on motions for preliminary injunctions.]

Blatchford, Seward, Griswold & Da Costa, for plaintiffs.

Francis Forbes, for defendants.

BENEDICT, District Judge. These actions come before the court upon motions for preliminary injunctions. There are many actions, similar in character, brought by the same plaintiffs, who, as assignees of Eben Norton Horsford, are the owners of a patent for self-raising flour, made by the use of an acid phosphate of lime, and to be employed

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 2 Ban. & A. 584; and here republished by permission.]

as a substitute for leaven or ferment in the making of bread. The defendants are, with one exception, grocers, who are charged with selling a self-raising flour such as is described in the plaintiffs' patent, to families where the same is used solely for the purpose of making bread. One of the defendants is a manufacturer of a self-raising flour. The plaintiffs' patent has been the subject of much litigation, which has resulted in its being sustained by the courts, upon final hearings. The fourth claim of the patent has been sustained by the final decree of the circuit court of the United States for the Southern district of New York and the district of New Jersey. The third and fourth claims have been sustained by final decree in the district of South Carolina.

Upon this motion, it has not been contested that the prior adjudications upon the patent in other courts afford a sufficient ground for asking a preliminary injunction in these actions, and the motion for an injunction has been opposed upon grounds outside of the question of the validity of the patent, and, first, upon the ground of laches, because the patent will expire on the 22d of the present month. To this objection the answer is, that the plaintiffs have been compelled to maintain their rights in court, and have but recently obtained an adjudication in their favor. Since that time there has been no unnecessary delay. Surely, the fact that infringers have been able to keep the patent in litigation until within a few days of its expiration furnishes no reason why the patentee should not enjoy his grant during the small remnant of the term.

The next ground of opposition is, that grocers are timid men, easily frightened, and, if an injunction be issued, directing these defendants, who are grocers, to abstain from selling such self-raising flour as is described in the plaintiffs' patent, they will be afraid to sell certain other kinds of self-raising flour not covered by the plaintiffs' patent, and not protected by the injunction here sought, whence great injury will follow to the trade of those who make and vend such other flours. This position can hardly be said to be taken by the grocers in whose names it is advanced, for, it is conceded that the defence here interposed has been assumed by the manufacturers of other self-raising flours. It is the injury to manufacturers of such other flours, and not to the defendants in these actions, that is put forward as a reason for withholding the injunction. Plainly, the suggestion that the injunction will work injury, in an indirect way, to third parties, affords no ground for denying the plaintiffs' application. Damage from loss of trade that may result to manufacturers of other self-raising flours not covered by the plaintiffs' patent, from groundless fears of other suits and injunctions in respect to other articles, that may come to possess the minds of timid grocers, is not to be charged to the plaintiffs, and affords no reason for withholding from the plaintiffs what they have been adjudged to be entitled to.

Again, it is said in behalf of the defendant who manufactures a self-raising flour, that he has now desisted from manufacturing any self-raising flour with phosphoric acid and has no intention of making such a flour; and that an injunction against him is, therefore, useless. But, neither will an injunction hurt him, if it be true that he has desisted. Inasmuch as he concedes, that, up to a late day, he has been engaged in making such an article, he cannot complain if he be enjoined for the future, when, upon his own showing, there is no possibility of his being injured by the injunction asked for, and, upon that ground alone, the injunction may be granted in a case like this. As to the grocers, it is conceded they sell a self-raising flour to those who use it for the sole purpose of making bread, in violation of the fourth claim of this patent, which claim has been sustained in all the courts that have been called to consider this patent. The plaintiff may, therefore, well ask to have them restrained. See Wallace v. Holmes [Case No. 17,100]. The motion must, therefore, be granted.

[For other cases involving this patent, see note to Rumford Chemical Works v. Lauer, Case No. 12,135.]

RUMNEY (MANDEVILLE v.). See Case No. 9,016.

RUMNEY (REDFERN v.). See Case No. 11,-627.

RUM RIVER & M. BOOM CO. (UNITED STATES v.). See 3 Fed. 552.

RUMSEY (BURRALL v.). See Case No. 2,-197.

RUMSEY (CHRISTMAN v.). See Case No. 2,704.

RUMSEY (COWING v.). See Case No. 3,296.

RUMSEY (UNITED STATES v.). See Case No. 16,207.

END OF CASES IN BOOK 20.