### CELLULOID MANUF'G CO. v. ARLINGTON MANUF'G CO.

(*Circuit Court, D. New Jersey.* January 10, 1888.)

PATENTS FOR INVENTIONS—ACTIONS FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
  Defendant corporation did not deny infringement, but claimed that it had ceased to infringe before bill filed, and did not intend to renew the use of the infringing machine. which still remained in its possession. *Held,* the patent having been adjudicated to be valid, that a preliminary injunction should be granted.

In Equity. Bill for infringement of letters patent No. 199,908, of February 5, 1878, to John W. Hyatt, assignor to the Celluloid Manufacturing Company, for the manufacture of celluloid and other plastic compositions. On motion for preliminary injunction.

*Rowland Cox,* for the motion.

*John R. Bennett, contra.*

WALES, J. The patent has been held to be valid.[1] The defendant admits, or at least does not deny, infringement, but claims that it had ceased to infringe before the bill was filed, and does not intend to renew

[1] 31 Fed. Rep. 904.

the use of the infringing machine. It still continues in possession of all the contrivances and appliances to enable it to violate the patent, but promises not to use them for that purpose. This is a naked and unsupported promise. The practice of the courts in such cases is well settled. In *Woodworth* v. *Stone*, 3 Story, 752, it was decided that "a bill for an injunction will lie, if the patent-right is admitted or has been established, without any established breach, upon well-grounded proof of an apprehended intention on the part of the defendant to violate the plaintiff's right." *A fortiori* should an injunction issue where, as in the present case, the defendant has already infringed, and nothing but a mere promise stands in the way of its doing so again. The general rule is stated in Walk. Pat. § 676, and concludes as follows: "Indeed, no injunction can be averted by affirmative evidence that the defendant has ceased to infringe, even though coupled with a promise that he will infringe no more." See, also, Curt. Pat. § 422, which gives the same rule, only in different language. Further authority on the same point may be found in *Chemical Works* v. *Vice*, 14 Blatchf. 179, and in *Losh* v. *Hague*, 1 Webst. Pat. Cas. 200. If the defendant intends in good faith to keep its promise, the injunction will not harm it; otherwise, it will be a security for the plaintiff that its rights will not again be invaded. The plaintiff is entitled to a decree.