## GILMORE v. ANDERSON et al.

*(Circuit Court, S. D. New York. May 15, 1889.)*

1. COPYRIGHT—INFRINGEMENT—SUIT—PRACTICE.
   After hearing in a suit for the infringement of the copyright of a biographical book, the case will not be opened for the purpose of receiving newly-discovered evidence that the author was not designated by the subject of the book as his special biographer. The validity of the copyright or the right of complainant to relief does not depend on such designation.

2. SAME.
   Though Rev. St. U. S. § 4952, provides for the forfeiture of every copy of the book, and of such damages as may be recovered, only when the infringement is without the proprietor's written consent, yet that is not the sole provision on which a claim for relief may be founded, but there is a separate right to relief against violations of the "sole liberty of printing," etc., the copyrighted work, given by section 4952; and in a suit in equity, which has not jurisdiction of an action for the forfeiture, an account of profits only being claimed, allegation and proof of the absence of such written consent are not necessary.

3. SAME—ACCOUNT.
   An account of profits may be decreed under the general prayer for relief.

4. SAME—CESSATION OF INFRINGEMENT—EQUITY.
   Infringement furnishes ground for an injunction, and the right to an account is incident to the right to an injunction; but the cessation of the infringement removes the occasion, but not the right to an injunction, and such cessation does not deprive complainant of the right to equitable relief.

**5.** SAME—LACHES.

Delay in bringing suit is no defense to the suit when brought, where there is no proof of acquiescence in, or of failure to object to, the acts constituting infringement, and defendant's conduct has not been induced by any act or omission of those interested in the copyright.

**6.** SAME.

Some of the parts of defendant's book in question were quotations from conversations, letters, and speeches; in others, prominent words of statements in plaintiff's book were taken, and used with others to convey the same idea; in others, the substance of the expression was taken with little variation of language; and in some instances portions of considerable length were copied *verbatim.* Defendant wrote his book with plaintiff's book constantly before him, and so much of the ideas, language, and mode of expression was carried into defendant's book as to show that plaintiff's book was not used for information only, but in parts was appropriated. *Held* an infringement of the exclusive privilege given by the copyright.

**7.** SAME—PRIOR APPROPRIATION.

It is no defense that some of the appropriated parts had been previously used by others, from whose works they were taken by defendant.

**8.** SAME—PURPOSE OF WORK.

Neither is it a justification that plaintiff's work was written for a presidential campaign, while defendant's was written for young people.

In Equity.

Bill by Laura E. Gilmore against John R. Anderson and Horatio Alger.

*Burlingham & Wing* and *Shoudy & Putnam,* for oratrix.

*John C. Parsons,* for defendants.

WHEELER, J. This suit is brought upon the copyright of a book entitled "The Life of James A. Garfield," written by James R. Gilmore under the name of Edmund Kirke, against infringement by a book entitled "From Canal-Boy to President," written by the defendant Alger, and published by the defendant Anderson. Since the hearing the defendants have moved to reopen the case for newly-discovered evidence to show that Gilmore 'was not designated by Gen. Garfield as his special biographer. Inasmuch as neither the validity of the copyright nor the right of the oratrix to relief depends at all upon the fact of such designation, no sufficient reason appears for granting the motion, even if that aspect of the case would probably be changed by the evidence sought. The answering affidavits, however, meet that probability, and remove all ground for the motion that otherwise might appear.

The copyright was acquired by Harper & Bros. in 1880. The defendant's book was published in 1881; and the copyright, together with all claims, demands, and rights of action for infringement was assigned to the oratrix January 14, 1886. There is no allegation or proof that what was done by the defendants while Harper & Bros. owned the copyright was without their consent in writing, or proof that there has been any infringement since. Counsel for the defendants insists that the want of consent of that proprietor in writing is necessary to constitute infringement, and that there is a total failure of that part of the case. Section 4964 of the Revised Statutes, referred to in this connection, does provide for the forfeiture of every copy of the book, and of such damages

as may be recovered, only when the infringement is without the consent of the proprietor first obtained in writing; but that is not the sole provision on which a claim for relief may be founded. Section 4952 confers the "sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing, and vending," the work on complying with the provisions of that chapter. The right to relief against violations of this sole liberty seems to exist apart from the forfeiture; and the forfeiture does not come within the province of this court as a court of equity. *Stevens* v. *Gladding*, 17 How. 447; *Callaghan* v. *Myers*, 128 U. S. 617, 9 Sup. Ct. Rep. 177. An account of profits only is now claimed, and that can be decreed under the general prayer for relief. *Stevens* v. *Gladding*, 17 How. 447.

The counsel for the defendants further insists that, as no infringement or threat of infringement since the oratrix acquired the copyright is shown, no ground for an injunction or other equitable relief exists, and that consequently the remedy is wholly at law. "The right to an account of profits is incident to the right to an injunction in copy and patent right cases." CURTIS, J., in *Stevens* v. *Gladding*, *supra*. The infringement, if there was any, furnished ground for an injunction; that it has ceased may take away the occasion for one, but not the right. The oratrix alleged grounds for one that would give jurisdiction, which will not fail although one may not be decreed. *Clark* v. *Wooster*, 119 U. S. 322, 7 Sup. Ct. Rep. 217.

The delay in bringing the suit is relied upon as a defense. That the right of recovery is barred by any statute of limitations is not claimed; but the lapse of time is said to meet the equity, if any, of the oratrix's case. There is, however, no proof of acquiescence in, or failure in objecting to, anything done by the defendants constituting the infringement complained of. The conduct of the defendants has not been induced, nor their liability varied, by anything done or omitted to be done by those interested in the copyright. Nothing is apparent adequate to cut off any right accrued. *Menendez* v. *Holt*, 128 U. S. 514, 9 Sup. Ct. Rep. 143.

The most difficult question is as to whether there has in fact been any substantial infringement. Some of the parts in question are quotations from conversations, letters, and speeches; in some, prominent words of statements are taken, and used with others to convey the same idea; in others, the substance of expression is taken with small variations of language; and in some instances portions of considerable length are copied *verbatim*. The speeches, letters, and conversations, by themselves alone, are facts not understood to be the subjects of a copyright. *Cary* v. *Longman*, 1 East, 358; *Banks* v. *Manchester*, 128 U. S. 244, 9 Sup. Ct. Rep. 36. But that these were used in making up the work copyrighted would not seem to deprive it of protection. 2 Kent, Comm. 381; *Callaghan* v. *Myers*, 128 U. S. 617, 9 Sup. Ct. Rep. 177. Neither does the using of parts as quotations appear to avoid liability for taking them to make up another work. 2 Kent, Comm. 382. The writings of authors are what congress is authorized to secure to them, (Const. U. S. art.

1, § 8;) and these are what the sole liberty of copying and vending conferred by congress applies to. The sole liberty is invaded when any material part of what is the author's own work is appropriated. *Sayre* v. *Moore*, 1 East, 362, note; 2 Kent, Comm. 382, note. The work of Gilmore was written for a presidential campaign, and that of Alger for young persons; and this difference of purposes is relied upon as a justification. But the author's right is absolute when perfected, and the purpose of an invasion nowhere appears to be made an excuse for it. According to the defendant Alger's own account of his writing his book, he procured Gilmore's and others at the beginning, and wrote important parts of his with Gilmore's constantly open before him. Still the use made of other parts than the second and third chapters of Gilmore's book would not indicate as matter of fact a material appropriation of his writing. But so much of the ideas, language, and mode of expression of Gilmore in these chapters is carried into the defendant's book as to show that Alger did not stop with the use of Gilmore's book for information only, but appropriated parts of it to making up his own. This, according to the decision of the supreme court in *Callaghan* v. *Myers*, 128 U. S. 617, 9 Sup. Ct. Rep. 177, as well as other authorities before mentioned, appears to amount to infringement of the exclusive privilege held out by the copyright. Some of the material from Gilmore's book so used by Alger had previously been used by others, without right, and was taken by him from their works. That he found it there is somewhat relied upon as a ground for considering it public property. These acts of others would not, however, remove the protection of the copyright, nor furnish any excuse for him. Upon such consideration, the defendants appear to be liable to account for the profits of this infringement. The extent of the liability can only be determined by a reference to a master for that purpose. No injunction is understood to be asked for now. Let an order overruling the motion, and a decree for an account of profits of infringement, with costs, be entered.