## WHITE v. WALBRIDGE.

*(Circuit Court, D. Vermont. May 13, 1891.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—LENS-HOLDERS.
    The manufacture of lens-holders by defendant, which operate in substantially the same manner as those covered by complainant's patent, is an infringement, though defendant's holders are composed of a smaller number of parts than complainant's.

2. SAME—INJUNCTION.
    An injunction will issue against one who has already infringed a patent, though he denies that he intends to make any further infringement during its term.

8. SAME.
    The part manufacture of lens-holders, not constituting an infringement, with intent to complete into the patented article immediately on the expiration of the patent, will not be enjoined, as complainant's monopoly exists only during the life of his patent.

In Equity.

*Franklin Scott*, for orator.

*James L. Martin*, for defendant.

WHEELER, J. This suit is brought upon patent No. 151,576, dated June 2, 1874, for an improvement in lens frames of stereoscopes. The patent was under consideration in *White* v. *Surdam*, 41 Fed. Rep. 790, and sustained. The defendant has made and sold lens-holders of less numbers of parts than those described in the specification of the patent, but having the rabbeted groove of the first claim. This difference in the number of pieces, which operate in substantially the same way as those of the patent, is not deemed to be material. He denies that he intends to make any more during the term of the patent. If he had not already infringed, that denial would be sufficient to prevent an injunction; but, as he has infringed in this manner, an injunction to prevent further infringement in the same manner is proper.

The defendant has on hand and is making more lens-holder blanks, which can be completed into those that would infringe or those that would not; and has advertised that he would furnish those of the patent at reduced prices after the expiration of the patent. The counsel for the orator argues that this part manufacture during the term of the patent, with intent to complete into the patented article immediately on the expiration of the patent, should be restrained, because a partaker in an infringement may be holden for it. This argument, however, fails, as to this, for the reason that what is being done and so intended will never be an infringement. Till completed, these things would not infringe, and when completed the patent will not be in force to be infringed. The orator has a monopoly of making, using, and vending to others to be used, during the term only of the patent. Every one else has the right to do anything as to that during that term which stops short of the patented article itself, and to come to that as soon as may be after the expiration of the term by any preparation which does not amount to that before. This leaves to him all that his patent covers, and to others what it does not cover. Motion granted as to an injunction against completing the patented articles, and denied as to the residue.