### SAWYER SPINDLE CO. et al. v. TURNER.

### ATWOOD et al. v. SAME.

#### (Circuit Court, D. Connecticut. May 13, 1893.)

#### Nos. 749 and 750.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
   Where the validity of a patent has been sustained by the courts on final hearing, the only question that will be considered on motion for preliminary injunction in a subsequent suit for infringement by other parties is whether defendants infringe.

2. SAME—CESSATION OF INFRINGEMENT.
   Where it is admitted that defendant has once infringed the patent in suit, but has ceased to do so, and declares that he has no intention of so doing in the future, it is still within the discretion of the court to grant a preliminary injunction.

In Equity. Suits by the Sawyer Spindle Company, John E. Atwood, and Eugene Atwood against Arthur G. Turner, and by the two last-named complainants against the same defendant, for the infringement of certain patents. Decree for preliminary injunction against defendant.

Fish, Richardson & Storrow, for complainants.
C. H. Burdett, for defendant.

TOWNSEND, District Judge. These are two motions for preliminary injunctions to restrain the alleged infringement of certain claims of letters patent No. 253,572, granted to Messrs. Draper & Jenks, February 14, 1882, for an improvement in supports for spindles for spinning machines, and of letters patent No. 296,377, granted to complainants, April 8, 1884, for improvements in spinning frames. As the decision of the motions depends upon the disposition of certain questions, which are substantially the same in each case, they may be considered together.

The validity of each of the patents has been sustained after protracted litigation. The opinions of Judge Shipman, which cover all the questions raised on final hearing, will be found in Sawyer Spindle Co. v. W. G. & A. R. Morrison Co., 52 Fed. Rep.

590, and Atwood v. W. G. & A. R. Morrison Co., Id. 475. The claims now in suit having been thus sustained on final hearing, this court will, upon this motion, consider only the question of infringement. Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. Rep. 678; Brush Electric Co. v. Accumulator Co., 50 Fed. Rep. 833.

The defendant is not a manufacturer of spinning machines, but a silk manufacturer, using spindles and spinning frames in his factory. It appears from the numerous affidavits introduced by him that he was not at the date of the suit, and is not now, using either spindles or spinning frames which infringe the claims in issue under the patents in suit. This would, in itself, be sufficient ground for refusing the injunction, unless there were other circumstances indicating a danger of future infringement. Such danger may be presumed from past infringement. Whether such infringement has been shown is the chief question in these cases. The complainants introduced but one affidavit—that of William A. Gilbert, one of their employes—to prove the fact of infringement. So far as said affidavit purports to state what the affiant saw in the mills of defendant, it is wholly insufficient to show infringement of patent No. 253,572, for supports for spindles. The affiant states that he satisfied himself that many of the frames had spindles of the Morrison make, and were the same as had been enjoined, without stating the facts on which such opinion was based. As to patent No. 296,377, for spinning frames, the affiant describes the arrangement of the cylinders, and the banding method, which he saw, sufficiently to enable the court, assuming the affidavit to be true, to determine whether they were infringements or not. But it further appears from said affidavit, and from the papers annexed thereto, that defendant had bought said machinery from the Morrison Company, the makers of the infringing machines, prior to the granting of the injunctions in the suits already referred to. It further appeared that on January 13, 1893, the Atwood Machine Company sent to defendants a circular letter, inclosing copies of the opinions of Judge Shipman in said suits, calling attention thereto, and asking defendant for a statement of the number of spindles of the Morrison make, and of spindles in frames supplied with the infringing banding. Defendant replied, stating the number of each in use in his factory. In March, affiant had a conversation with defendant in regard to complainants' claim for royalties, in which defendant did not deny the use of the infringing machines. Defendant has made an affidavit in each case in which he denies that he was using any infringing devices at the date of the suit, but does not deny that he previously used them in his factory. In regard to patent No. 253,572, he alleges that he was misled by the language of the circular.

Apart from the infirmities in complainants' proof, already referred to, and admitting that defendant may have misunderstood complainants' circular, his failure, in his affidavit, to deny previous infringement, in view of his original admissions, would seem to be

sufficient to make out complainants' prima facie case. He knew that complainants had examined the spindle machinery in his factory, and claimed that it was an infringement of their patent. When he made the alleged admissions of infringement upon which complainants now rely, he had before him the opinions of Judge Shipman, which discussed fully and clearly the patented machines, and explained in what the infringements consisted. It is natural to presume that, if he could have explained these former admissions, and shown noninfringement, he would have done so in his affidavit. The irresistible conclusion to be drawn from his silence is that the allegations of past infringement are true.

A number of cases were cited on the hearing, as to whether the court should grant a preliminary injunction when the defendant has stopped infringement, and denies that he intends to thereafter infringe. While this is one of the questions which must necessarily rest in the discretion of the court, the preponderance of authority is to the effect that such a state of facts furnishes no reason for withholding the writ. The rule is well stated in Robinson on Patents, § 1191, approved in Electrical Works v. Henzel, 43 Fed. Rep. 377. Judge Robinson says:

"The intention of the defendant to practice the invention in violation of the plaintiff's rights may be shown from his past acts of infringement in reference to the same invention. * * * When the defendant has once knowingly invaded the exclusive domain of the plaintiff, there is a strong presumption that the wrong will be repeated, although he may have since desisted, and promised to refrain, or even sworn that it is his purpose no farther to infringe. This presumption arises, whatever may have been the extent of the infringement, or the damage thence resulting to the plaintiff."

The facts in the case of Kane v. Candy Co., 44 Fed. Rep. 287, cited by defendant, only show that the question is one which rests in the sound discretion of the court. As against one of the respondent corporations, the court refused the writ because it was satisfied that said corporation, three months before the filing of the bill, had sold out its plant, and retired from business. The complainants have shown past infringement by defendant. "Nothing but a mere promise stands in the way of its doing so again. * * * If the defendant intends, in good faith, to keep its promise, the injunction will not harm it; otherwise, it will be a security for the plaintiff that its rights will not again be invaded." Judge Wales, in Celluloid Manuf'g Co. v. Arlington Manuf'g Co., 34 Fed. Rep. 324; White v. Walbridge, 46 Fed. Rep. 526; Facer v. Midvale Co., 38 Fed. Rep. 231; Chemical Works v. Vice, 14 Blatchf. 179; Walk. Pat. §§ 676, 701. The application for a preliminary injunction is granted in both cases.