## NEW YORK FILTER MFG. CO. v. CHEMICAL BLDG. CO.

(Circuit Court, E. D. Missouri, E. D.    April 20, 1899.)

No. 4,200.

1. PATENTS—PRELIMINARY INJUNCTION.

Where infringement prior to the suit clearly appears by the use of an infringing attachment, which may be easily disconnected and as readily connected again to the other parts of the device, the mere fact that a few days before the suit was commenced defendant disconnected such attachment, and informed complainant that he would no longer use it, is not sufficient ground for refusing a preliminary injunction. Under such circumstances complainant is entitled to greater security than the mere statement of defendant that he will not further infringe.

2. SAME—IMPROVEMENT IN WATER FILTERS.

The Hyatt patent, No. 293,740, for an improvement in the art of filtering water, *held* infringed on motion for a preliminary injunction.

This was a suit in equity by the New York Filter Manufacturing Company against the Chemical Building Company for alleged infringement of letters patent No. 293,740, issued to Isaac S. Hyatt for an improvement in the art of filtration of water. The cause was heard on a motion for preliminary injunction.

Paul Reiss and Bond, Adams, Pickard & Jackson, for complainant.
George W. Taussig, for defendant.

ADAMS, District Judge. This is an application for a preliminary injunction. The bill and moving papers show that complainant's patent has been upheld and declared valid by several prior adjudications, all of which are cited in the case of Manufacturing Co. v. Jackson (decided by this court Dec. 27, 1898) 91 Fed. 422. Infringement by defendant prior to the institution of this suit clearly appears. Upon this state of facts the application must be granted, unless the fact, as shown by defendant's affidavits, that defendant, a few days before this suit was instituted, and when the same was imminent, disconnected the infringing attachment, and informed complainant that it would no longer use the same, constitutes sufficient cause for denying the same. The fact appears that the infringing attachment in question can be easily disconnected from defendant's filter, and as readily connected again. The adaptability of the filter to such facile changes affords a constant temptation to defendant, as well as a constant menace to complainant. Under such circumstances it seems to me that the interests of both parties will be subserved by granting the application. Not only so, but complainant is entitled, on the showing made, to greater security against a once existing infringement than the mere statement by defendant that it will not further infringe. This is supported by abundant authority. Walk. Pat. §§ 676, 701; Curt. Pat. § 335; Chemical Works v. Vice, 14 Blatchf. 179, 20 Fed. Cas. 1355; Celluloid Mfg. Co. v. Arlington Mfg. Co., 34 Fed. 324; Gilmore v. Anderson, 38 Fed. 846; White v. Walbridge, 46 Fed. 526; Spindle Co. v. Turner, 55 Fed. 979. As is said in these authorities: "If the defendant intends in good faith to keep its promise,

the injunction will not harm it; otherwise, it will be a security for the complainants that their rights will not again be invaded." The application for a preliminary injunction is granted.