### GENERAL ELECTRIC CO. v. BULLOCK ELECTRIC MFG. CO.

(Circuit Court, D. New Jersey. May 29, 1905.)

1. EQUITY—PLEAS—SETTING DOWN FOR ARGUMENT.
    When, upon pleas filed to a bill in equity, the complainant sets the cause down for hearing, he admits the facts, but not the conclusions pleaded; likewise the defendant admits to be true the facts alleged in the bill which are not denied by the plea.

2. PATENTS—SUIT FOR INFRINGEMENT—INJUNCTION.
    To a bill alleging infringement of certain letters patent, the defendant filed a plea setting up that from a certain date, which was 15 days be-fore the filing of the bill of complaint, it had not infringed the complain-ant's devices, and that it had on the day named leased and surrendered all its plant, tools, machinery, stock on hand, and good will to another, without stating to whom they were leased or the length of the demise, and further stating that on the day named it had in good faith ceased

the manufacture, sale, and use of the alleged infringing devices, and since that time had had no intention, "and now has no intention," of manufacturing, using, or selling the same. *Held*, that the plea was insufficient in view of the uncertainty of the lease, and of the fact that the defendant had infringed, and that the bill alleged that "the defendant now continues, and threatens to continue, to make, use, and sell" the alleged infringing devices. *Held*, further, that the complainant is entitled to greater security against a confessed infringer than the mere statement that it has no present intention of further infringement, or even the statement that it will not further infringe.

In Equity. Suit for infringement of letters patent No. 625,806, for operating dynamo-electric machines, granted to Edwin W. Rice, Jr., May 20, 1899; No. 661,049, for controlling end play of rotary machines, granted to Edward M. Hewlett November 6, 1900; and No. 671,287, for an end play device, granted to Alexander D. Lunt April 4, 1901. On bill of complaint and plea.

James R. Sheffield and William H. Davis, for complainant.
John R. Bennett and Clifton V. Edwards, for defendant.

CROSS, District Judge. The complainant has filed a bill in equity, on letters patent Nos. 625,806, 661,049, and 671,287, which is in the usual form, and asks the customary relief against the defendant. The bill alleges, among other things, that the defendant had made, advertised, and offered for sale, and had sold and used, within the United States, structures, machines, etc., each and all embodying the inventions and improvements contained in the complainant's said patents; and, further, that the defendant continues, and threatens to continue, to make, use, and sell said structures, machines, etc.

To the bill of complaint the following plea was filed:

"(1) That since March 1, 1904, it has not made, used, or sold any devices of the character alleged by said bill of complaint" to be infringements, nor has the defendant since that time had "on hand any orders, or taken any new orders," for the manufacture, "sale, use, or delivery of such devices, nor has it delivered or" contracted to deliver any such devices to others for use.

(2) That since said March 1, 1904, the defendant has not had, "and does not now have, any stock of such devices, or parts thereof, on hand, and has not been, and is not now, in any way prepared or ready to make, sell, use, furnish, or deliver to others to make, sell, or use, such devices or parts thereof.

"(3) That on said March 1, 1904, it leased and surrendered all its plant, tools, machinery, stock on hand, and good will to another, and since that time has not engaged in the manufacture or sale of any apparatus, or in any way made preparation for the manufacture or sale of any apparatus; and defendant, on said March 1, 1904, finally and in good faith ceased the manufacture, sale, or use of devices of the character alleged in the bill of complaint to be infringements, and since that time it has had no intention, and now has no intention, of manufacturing, using, or selling, or contracting to manufacture, use, or sell, any devices of the character alleged in said bill of complaint to be infringements."

The case was thereupon, on motion of the complainant's solicitors, set down for argument. By so doing, the complainant has admitted the facts, but not the conclusions pleaded. General Electric Company v. New England Electric Mfg. Co., 128 Fed. 738–

739, 63 C. C. A. 448. Likewise the defendant admits to be true the facts alleged in the bill which are not denied by the plea. Farley v. Kittson, 120 U. S. 317, 7 Sup. Ct. 534, 30 L. Ed. 684.

The substance of the plea is that since March 1, 1904, it has not infringed the complainant's patents; that it has not since that time made, used, or sold any alleged infringing devices, or taken or placed any new order, or delivered or contracted to deliver any such devices; that it has no stock on hand, and has not been since that date, and is not now, prepared to make, sell, etc., said devices or parts thereof; and then follows apparently the reason therefor, namely, that on March 1, 1904, 15 days before the bill of complaint was filed, "it leased and surrendered all its plant, tools, machinery, stock on hand, and good will to another," and that on that day it in good faith ceased the manufacture, sale, and use of the alleged infringing devices, and since that time has had no intention, "and now has no intention," of manufacturing, using, or selling the same.

An inspection of the plea will show that the name of the lessee is not divulged, or the length of the demise; for anything that appears, the lease may have expired the day after the plea was filed; likewise it may have been made to an officer or workman of the defendant corporation, absolutely under its direction and control; in other words, for all that is disclosed, the lease may have been a mere sham and pretense, and designed and intended as the basis of the plea subsequently made. True, there is an allegation that the defendant on March 1, 1904, finally and in good faith ceased the manufacture, sale, and use of the devices, and that since that time "it has had no intention, and now [at the date of the filing of the plea] has no intention," of manufacturing, etc., said devices; but there is no statement to the effect that it has no future intention of doing so, and the use of the word "now" raises a suspicion that it has such future intention. Certainly where, as in this case, the bill alleged that the "defendant now continues, and threatens to continue, to make, use, and sell" the alleged infringing devices, there is something more due from the defendant than the bare assertion that he has no present intention of so doing. The plea does not seem to be full, frank, and explicit, and, coming from the mouth of an admitted infringer, is naturally open to suspicion. We do not think it meets fully the equity of the bill.

"The fact that the defendant has ceased to infringe the patent, and says that he will not infringe it in the future, is no reason for refusing an injunction against him. Whatever tort a man has once committed, he is likely to commit again, unless restrained from so doing." Walker on Patents, § 701; Robinson on Patents, § 1191. In California Elec. Works v. Henzel (C. C.) 48 Fed. 377, the court says:

"In Woodworth v. Stone, 3 Story, 749, Fed. Cas. No. 18,021, it was decided that a bill for an injunction will lie, if the patent right is admitted or has been established, without an established breach, upon well-grounded proof of an apprehended intention on the part of the defendant to violate the plaintiff's right. A fortiori should an injunction issue where, as in the present case, the defendant has already infringed, and nothing but a mere promise

stands in the way of its doing so again. Celluloid Mfg. Co. v. Arlington Mfg. Co. (C. C.) 34 Fed. 324."

So, also, in the case of New York Filter Mfg. Co. v. Chemical Bldg. Co. (C. C.) 93 Fed. 827, the court says:

"The complainant is entitled, on the showing made, to greater security against a once existing infringement than the mere statement by defendant that it will not further infringe. This is supported by abundant authority"—citing cases.

Continuing, the court says:

"If the defendant intends in good faith to keep its promise, the injunction will not harm it; otherwise it will be a security for the complainants that their rights will not again be invaded."

A preliminary injunction was thereupon granted. To the same effect are Braddock Glass Co., Limited, et al. v. Macbeth et al., 64 Fed. 118–121, 12 C. C. A. 70; Winchester Repeating Arms Co. v. American Buckle & Cartridge Co. (C. C.) 54 Fed. 711; White v. Walbridge (C. C.) 46 Fed. 526.

It is true there are cases which hold, as was held in Kane v. Huggins Cracker & Candy Co. et al. (C. C.) 44 Fed. 287, that where the court is satisfied that the defendant, some time preceding the filing of the bill, had sold and conveyed all its stock, material, and plant to another, an injunction would not issue. Such a situation, however, is entirely different from the present. We are not satisfied with the sufficiency of the plea in this case. The defendant having infringed, the presumption is that it will infringe again, if an opportunity is afforded, and there is nothing in the plea to overcome such presumption.

For the reason above given, the plea will be overruled.