DEERE & WEBBER CO. v. DOWAGIAC MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. April 1, 1907.)

No. 2,436.

1. PATENTS—SUIT FOR INFRINGEMENT—PLEADING.

Under the rule that answers in equity must be full, unequivocal, and responsive to the bill, where a bill for infringement of a patent alleges past and present infringement, and that defendant then had on hand a large number of infringing machines which it was offering for sale, an answer which admits that defendant had previously sold a machine which had been adjudged an infringement, but alleges that it had ceased selling the same "long prior" to the beginning of the suit and returned the parts on hand to the manufacturer, and since "that time" had sold no machines of that character, is indefinite and evasive and not responsive, and must be treated as admitting the averment that defendant had infringing machines on hand which it was offering for sale.

2. SAME—DISCLAIMER OF INTENTION TO INFRINGE WHEN SUFFICIENT TO AVOID INJUNCTION.

Where the answer in a suit in equity for infringement of a patent denies the validity of the patent, and asserts the right of defendant to make and vend the machine covered thereby, and also by implication admits an allegation of the bill that it has on hand and is offering for sale a large number of infringing machines, a mere averment that it ceased selling an alleged infringing machine prior to the commencement of the suit, and has no intention of using or selling any machines embodying the features of the patent, not supported by any clear proof, is not such a disclaimer as will deprive the complainant of the right to an injunction.

3. SAME—INFRINGEMENT—GRAIN DRILLS.

The Hoyt patent, No. 446,230, for a grain drill, held valid and infringed.

Appeal from the Circuit Court of the United States for the District of Minnesota.

Border Bowman (Paul A. Staley and Louis K. Hull, on the brief), for appellant.

Fred L. Chappell (Otis A. Earl, on the brief), for appellee.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This was a bill to enjoin infringement of letters patent No. 446,230, issued to Will F. Hoyt in 1891 for an im-

153 F.—12

provement in grain drills and assigned to appellee, the complainant below, in 1894. The bill charged infringement in the past and a continuance of it at the time the suit was brought, and particularly charged that defendant had on hand at that time a large quantity of infringing machines which it was offering for sale. It further charged that the machines sold by defendant were the same in principle as those manufactured and sold by five other firms or corporations which had, in suits duly instituted against them, been judicially decreed by courts of last resort to be infringements of complainant's patent. The answer denied the validity of complainant's patent on all the statutory grounds, denied infringement, and in effect asserted the right to make, use, and vend any grain drills, notwithstanding complainant's patent. It then contained the following averments:

"Defendant, further answering, on information and belief, says that the alleged infringing device was sold by it and made in accordance with letters patent No. 497,864, issued May 23, 1893, for grain drills, on the application of E. Christman and W. G. Munn, but defendant avers that it ceased the sale of said grain drill long prior to the beginning of the present action; that all of the parts of said grain drills which were made in accordance with said letters patent or which had any resemblance thereto were returned to the manufacturers, and that no drills of that character were sold after that time; that since that time the defendant has sold a grain drill of an entirely different type, and one which does not in any sense embody the principle of the said Hoyt patent in suit or of the said Christman and Munn patent; that said defendant has no intention nor has had any intention of manufacturing, using, or selling, or causing to be manufactured, used, or sold any grain drills embodying in any sense the features of said Hoyt patent or of the Christman and Munn patent, and as to these facts complainant was fully advised long prior to the commencement of this action."

The grain drill admitted to have been sold by defendant, constructed in accordance with the Christman and Munn patent, is one of the five alleged in the bill to have been judicially decreed to constitute, and one which this record shows to be an infringement of complainant's patent. Many of the last quoted allegations are so uncertain and indefinite as to be practically meaningless. There is an allegation that the defendant had ceased to sell that device a long time before this suit was brought, but how long, whether a week or a year is not disclosed; that no drills had been sold after that time; and that since that time defendant has sold a different drill, and one that does not infringe either complainant's or Christman and Munn's patent. The two latter averments depend for their accuracy of meaning upon what was meant by their antecedent, the long time first referred to. They depend upon the meaning given by the writer to a word of relative and variable significance whose accurate meaning can be understood only by contrasting it with some fixed standard, which is absent from this pleading.

There is no denial of the definite averment of the bill that defendant has a large quantity of infringing drills on hand which it was offering for sale, except such as inferentially arises from the averment of the answer that, when it ceased selling the Christman and Munn drill, it returned all the infringing parts of those drills to the manufacturer.

Answers in equity must be full, unequivocal, and responsive to the bill. 1 Ency. Pl. & Pr. pp. 875, 876. The indefinite, evasive averments of the answer in this case signally fail to respond to the requirements of that rule and well justify us in treating them as negative pregnants admitting the truth of the definite averments of the bill which are not fully answered. There next follows what is urged upon us as such a disclaimer of any intention to infringe as avoids the necessity for injunctive relief and requires the dismissal of the bill. A formal replication was filed; and on these pleadings and the proof hereinafter referred to the case was submitted for final decree.

The answer amounts to a vigorous assertion of the invalidity of complainant's patent and of defendant's right to make, use, and vend the device described in it; an admission by necessary implication from the pleadings that defendant had on hand at the time the suit was instituted a large quantity of infringing drills for sale; that it had actually infringed by selling the Christman and Munn drill; and that such an infringement had continued down to an indefinitely fixed time prior to the commencement of this suit.

The proof, it is conceded, establishes the validity of complainant's patent and negatives defendant's right to infringe its claims. The evidence relied on by defendant to establish the issue joined that it had discontinued infringement a long time before this suit was begun was given by witness Hoyt, the secretary and superintendent of complainant's company, and is very brief. On cross-examination he was asked and answered the following questions:

"Q. How many litigations have been conducted by your company for the infringement of this patent? A. I figure up eight different suits.

"Q. I understand from your testimony on accounting in the Brennan Case that, so far as you know, during the year 1904–05, none of these parties were infringing your patent. A. This is correct, as far as I know.

"Q. Mr. Hoyt, you have stated that eight different suits have been brought by your company involving this patent. Do you include with those the present suit against Deere & Webber Co.? A. I do."

All that can reasonably be understood from that testimony is that Hoyt did not know that the defendant had during the year 1904–05 infringed complainant's patent. Assuming that it was probable that the witness would have known if infringements had occurred during the time in question, the testimony is nevertheless indefinite and uncertain, and no pains seem to have been taken to make it clear. It obviously does not refer to any calendar year, but most probably to a business season for the sale of grain drills. So far as we know, that season might have begun in November or December of 1904, and all that the witness can necessarily mean by his testimony is that he did not know of any infringement by the defendant during a short period before this suit was brought, which the record shows was in January, 1905.

Taking the foregoing, the pleadings, and proof together, we have little to sustain the defendant's present contention that it had not for a long time infringed complainant's patent. It consists exclusively of defendant's unsworn and evasive allegations to that effect, denied by the complainant, and the vague and uncertain testimony of witness Hoyt.

The legal questions are therefore these: First. Where the validity of complainant's patent is denied, the right to infringe asserted, the possession of a large quantity of infringing machines admitted, and no satisfactory evidence adduced of cessation to infringe for any considerable time before the beginning of the suit, is the danger so threatening as to warrant injunctive relief? Second. Does the allegation in the answer that defendant does not intend to infringe any more prevent the granting of injunctive relief to the complainants, restraining the defendant from further infringement? We think in the light of the pleadings and proof just analyzed these questions are self-answering, but as they are earnestly argued by counsel we proceed to their consideration.

Whether a suit to protect a patentee in the use and enjoyment of his invention shall be at law or in equity is to be determined by the same principles as are applied in ordinary litigation. If he has an adequate remedy at law, he cannot resort to equity for relief any more than suitors in other departments of jurisprudence. Starting from this conceded standpoint, defendants contend that, when a patent has expired or when circumstances are such as not to entitle the patentee to injunctive relief against infringement, a court of equity will not entertain a bill for the sole purpose of an accounting for damages sustained by a past infringement or for profits realized by an infringer. This proposition is well settled (Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975; Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392; Woodmanse & Hewitt Mfg. Co. v. Williams, 15 C. C. A. 520, 68 Fed. 489; Brown v. Lanyon [C. C. A.] 148 Fed. 838), and, relying upon it, counsel contend that because there is no showing of any recent or threatened infringement or any continuing trespass, such as imperiled complainant's rights, the court of equity had no jurisdiction over the case, and it should have been dismissed. If their premises were correct, their conclusion might follow; but their premises are not correct. We have already called attention to the uncertain character of the showing made by the pleadings and proof, concerning the time when the admitted infringement ceased, if it ever ceased, and have concluded that the showing does not confine it to a time very remote from the institution of the suit. It is left sufficiently near to warrant a well-grounded apprehension taken in connection with complainant's right to do so that it might and would continue its infringement in the future. The case is therefore brought within the general principle that warrants a court of equity in interfering to prevent threatened or continued trespasses upon complainant's rights.

Does the disclaimer warrant refusal of injunctive relief? Taking the allegations of the answer as a full and frank disclaimer of any purpose to further infringe complainant's patent, is it in itself sufficient to prevent equitable interference? When after some infringement and after conduct disclosing danger of a continued or renewed infringement a patentee finds it necessary to incur the expense of bringing a bill to protect his rights, he is entitled to all the remedies which the law affords him, and among them is a final adjudication of his rights and a permanent and effective injunction against further infringement, and he should not be driven from the court to

which he has rightfully resorted with a mere promise by the offender of better conduct in the future. Considering the likelihood that an infringement once practiced will be repeated as long as the wrongdoer believes he is right (as from the pleadings in this case the defendant appears to believe), we think the patentee is entitled to a more effective remedy than a mere promise of that kind. The authorities abundantly support this conclusion. Celluloid Mfg. Co. v. Arlington Mfg. Co. (C. C.) 34 Fed. 324; White v. Walbridge (C. C.) 46 Fed. 526; Sawyer Spindle Co. v. Turner (C. C.) 55 Fed. 979; Matthews & Willard Mfg. Co. v. National Brass & Iron Works (C. C.) 71 Fed. 518; New York Filter Mfg. Co. v. Chemical Building Co. (C. C.) 93 Fed. 827.

Some other questions are argued which, in our opinion, concern the accounting to follow and will be then more appropriately met and disposed of, and which, in consideration of the conclusions already announced, do not require present consideration by us.

The decree of the Circuit Court was correct, and it is accordingly affirmed.