### JENNINGS and others *v.* KIBBE and others.

### SAME *v.* DOLAN and others.

(*Circuit Court, S. D. New York.* January 10, 1885.)

1. PATENTS FOR INVENTIONS — DESIGN FOR FRINGED LACE FABRIC — INFRINGEMENT.

   As the novelty of design patent No 10,448, for a fringed lace fabric having a fringe made of a series of stems connected to the fabric and not to each other, "with loops at both sides of a central stem or rib along its entire extent," appertains to the fringe alone, it is not infringed by nubias having such fringes

in which the similarity arises from the body of the nubias and not from the fringe.

2. SAME—LACE PURLING—PATENT No. 218,032—ANTICIPATION.

Letters patent No. 218,032, for an improvement in lace purling, on examination of the evidence adduced, *held* valid.

In Equity.

*Antonio Knauth* and *A. v. Briesen*, for plaintiff.

*John R. Bennett*, for defendant.

WHEELER, J. These suits are brought upon design letters patent No. 10,448, dated February 12, 1878, and granted to Warren P. Jennings for a design for a fringed lace fabric, and letters patent No. 218,032, dated July 29, 1879; and granted to Abraham G. Jennings and Warren P. Jennings for an improvement in lace purling. The design patent has before been adjudged to be valid in this court between the same parties to one of these cases, but upon different infringing articles. *Jennings* v. *Kibbe,* 20 Blatchf. C. C. 353; S. C. 10 FED. REP. 669. The design is for a lace fabric having a fringe made of a series of stems connected to the fabric and not to each other, "with loops at both sides of a central stem or rib along its entire extent." The infringing articles are nubias having such fringes of stems; but the stems have two central ribs, with loops projecting alternately at the sides, and not on both sides along its entire extent. There are so many of these things that the differences are necessarily small, and small differences make different designs. The patent is not for a design for a nubia, but of a fringed lace fabric, and the novelty of the patented design appertains to the fringe, and not to the rest of the fabric, by the terms of the patent. Nubias with this fringe might appear to be the same as those with the patented fringe, if the fringe should not be observed as such; but observation of that would discover the difference readily. The similarity would arise from the body of the nubias, rather than from the fringe, and as fringed fabrics the designs as to the fringes appear to be different. This patent is not, therefore, infringed by this article.

The novelty of the invention described in the other patent is denied. The anticipation relied upon is a sample in a book of samples of the defendant Dolan, purporting to contain samples of books made and sold before that invention. No article of that manufacture is shown besides the sample, and that is shown to have been put in the book since the invention and since controversy about it. The evidence of the defendants tends to show that the same one was taken out and replaced. The appearance of the book indicates that a sample of different color and size had been in that place. The force of the evidence depends upon the identity of that sample. So much doubt is thrown about it upon the whole proof as to bring it below the degree of certainty requisite to defeat a patent. After repeated examinations, serious doubts remain about the production of that article as claimed. The proof should overcome these doubts in order to

invalidate the patent, and as it does not, the patent stands as valid.

The infringement seems to be clear, unless the patent is limited to the particular mode of reticulation described. The pillars of the fabric appear to be precisely like those of the patent. The reticulation appears to be in all respects the equivalent of that of the patent. The pillars are really the principal things, and the substance of the invention appears to be taken.

Let there be a decree for the orators accordingly for an injunction and account in each case, without costs, except on the accounting.