### DODGE *v.* CITY OF MEMPHIS.

*(Circuit Court, E. D. Missouri, N. D.   May 24, 1892.)*

MUNICIPAL CORPORATIONS—ULTRA VIRES—NEGOTIABLE BONDS.

Where a town, in pursuance of statutory authority, subscribes for stock in a railway company, but, without such authority, issues negotiable bonds in payment therefor, such bonds are absolutely void, and no suit can be maintained on them on the theory that they are valid as nonnegotiable instruments.

At Law. Action by James B. Dodge against the city of Memphis, Mo., on certain municipal bonds. Heard on demurrer to the plea. Overruled.

*Felix T. Hughes,* for plaintiff.

The contract of subscription in the case at bar was valid, and expressly authorized, and the bonds were not wholly void, but valid, except as to their commercial quality, in which case the contract will be enforced in so far as it is valid, and the provision in the contract of subscription to pay in bonds will be held, in effect, a contract to pay in money at the time and under the conditions imposed in the order of subscription. *Gelpcke* v. *Dubuque,* 1 Wall. 222; author's views, subdivision 6, § 125, (4th Ed.) Dill. Mun. Corp.; *Mayor* v. *Ray,* 19 Wall. 468; *Hitchcock* v. *Galveston,* 96 U. S. 350; *Little Rock* v. *Merchants' Nat. Bank,* 98 U. S. 308; *Wall* v. *Monroe Co.,* 103 U. S. 78; *Claiborne Co.* v. *Brooks,* 111 U. S. 400, 4 Sup. Ct. Rep. 489; *Wells* v. *Supervisors,* 102 U. S. 625; *Norton* v. *Dyersburg,* 127 U. S. 160, 8 Sup. Ct. Rep. 1111; *Hill* v. *City of Memphis,* 134 U. S. 198, 10 Sup. Ct. Rep. 562; *Gause* v. *City of Clarksville,* 5 Dill. 177; *Babcock* v. *Goodrich,* 47 Cal. 488; *State Board* v. *Citizens' St. Ry.,* 47 Ind. 407; *Allegheny City* v. *McClurkan,* 14 Pa. St. 81; *Maher* v. *Chicago,* 38 Ill. 266; *Oneida Bank* v. *Ontario Bank,* 21 N. Y. 490; *Argenti* v. *City of San Francisco,* 16 Cal. 256; *Bank* v. *North,* 4 Johns. Ch. 370; *Ketcham* v. *City of Buffalo,* 14 N. Y. 356; *Evansville, etc., R. Co.* v. *City of Evansville,* 15 Ind. 395; *Mullarky* v. *Cedar Falls,* 19 Iowa, 21; *Sheffield School Tp.* v. *Andress,* 56 Ind. 162; opinion by Mr. Justice STORY in *Bank* v. *Patterson,* 7 Cranch, 305; *Knapp* v. *Mayor,* 39 N. J. Law, 394.

The promise to give bonds in payment was, at furthest, only *ultra vires,* and, in such case, though specific performance of an engagement to do a thing

transgressive of its corporate power may not be enforced, the corporation can be held liable on its contract. *Oneida Bank* v. *Ontario Bank*, 21 N. Y. 490; *Curtis* v. *Leavitt*, 15 N. Y. 95–99. The later case especially decides that, where the right to make the contract exists,—but the bonds or security taken are unlawful,—the right to disaffirm the entire contract, and sue for "money had and received," or to only disaffirm the illegal security and sue upon the contract, rests with the holder of the security, and not with the corporation which gave it.

The contract can be enforced subject to the equities between the original parties, if there are any. *Hackettstown* v. *Swackhamer*, 37 N. J. Law, 191; Dill. Mun. Corp. (4th Ed.) §§ 120–123; Daniel, Neg. Inst. (2d Ed.) § 420; *Knapp* v. *Mayor*, 39 N. J. Law, 394.

The ground has been broadly taken that, for debts and obligations lawfully created, any corporation, public as well as private, has the implied authority, unless prohibited by statute, charter, or by-law, to evidence the same by the execution of a bill, note, or bond, or other contract; that the power to contract a debt carries with it the power to give a suitable acknowledgment of it; and there is no rule of law, in the absence of a statute limiting the length of the credit. *Municipality* v. *McDonough*, 2 Rob. (La.) 244, (1842;) *Barry* v. *Merchants' Exchange Co.*, 1 Sand. Ch. 280; *Curtis* v. *Leavitt*, 15 N. Y. 9; *Smith* v. *Law*, 21 N. Y. 299; *Bank* v. *Carpenter's Adm'rs*, 7 Ohio, 31; *Ketcham* v. *City of Buffalo*, 14 N. Y. 356; *Douglass* v. *Mayor*, etc., 5 Nev. 147; *City of Richmond* v. *McGirr*, 78 Ind. 192; *Evansville, etc., R. Co.* v. *City of Evansville*, 15 Ind. 395; *Sheffield School Tp.* v. *Andress*, 56 Ind. 162; Dill. Mun. Corp. (4th Ed.) 443; 2 Kent, Comm. 224; Beach, Ry. Law, § 223; Green's Brice, *Ultra Vires*, p. 122; *Chicago, B. & Q. R. Co.* v. *City of Aurora*, 99 Ill. 211.

*Henry A. Cunningham*, for defendant.

THAYER, District Judge. The petition contains three counts. The first count alleges that in February, 1871, the town of Memphis, Scotland county, Mo., subscribed for $30,000 of the capital stock of the Missouri, Iowa & Nebraska Railway Company, pursuant to power conferred by an act of the general assembly of Missouri, approved February 9, 1857, to incorporate the Alexandria & Bloomfield Railroad Company; that such subscription was authorized by a majority vote of the people of the town of Memphis, at an election held for that purpose; that as an evidence of such subscription coupon bonds to the amount of $30,000 were issued and delivered by the town, which were to run for 20 years, and which matured on March 1, 1891. It is further averred that the town of Memphis received the stock in question, but subsequently sold it, and that for some years it paid the interest on its bonds; that it also appointed an agent to represent the town at meetings of the stockholders of the railway company. The petition then sets out one of the bonds *in hæc verba*, which appears to be a negotiable bond, in the ordinary form, such as are usually issued by municipal corporations; and avers that the plaintiff is the holder of 22 of such bonds, (giving their numbers,) and demands judgment for the amount due on the subscription as shown by the bonds, together with interest from March 1, 1891. The theory of the plaintiff's counsel seems to be that the first count of the petition is a suit on the bonds, treating

them as nonnegotiable instruments; that the bond evidences the contract of subscription; and that the plaintiff is entitled to sue on the same, ignoring their negotiable quality precisely as if they were an ordinary nonnegotiable contract, which the town was authorized to make and had made. That the town of Memphis had no authority to issue negotiable bonds in payment for the stock subscription is conceded. *Hill* v. *Memphis*, 134 U. S. 198, 10 Sup. Ct. Rep. 562. To the first count of the petition the defendant interposes several different pleas, including a plea of the statute of limitations, and to the latter plea plaintiff demurs.

It may be conceded that if the first count of the petition is properly founded on the bonds, calling them either bonds or the contract of subscription, then the statute of limitations is not well pleaded, because such bonds did not mature until March 1, 1891, and neither the 5, 10, nor 20 years' bar of the statute is applicable. But, on the other hand, if a suit cannot be maintained on the bonds according to plaintiff's contention, then the first count of his declaration is bad, and the demurrer to the plea is not tenable for that reason. I have looked through all of the federal cases cited by plaintiff's attorney in support of his contention that where negotiable bonds are issued by a municipal corporation without authority of law, and are void as negotiable instruments, a suit may nevertheless be maintained on such bonds, under some circumstances, as nonnegotiable instruments, and I have been unable to find a single paragraph in any of the decisions that fairly supports such a doctrine. The authorities show that, if negotiable paper is uttered by a municipal corporation without authority of law, it is void, and a suit cannot be maintained thereon for any purpose. *Mayor* v. *Ray*, 19 Wall. 468; *Hitchcock* v. *Galveston*, 96 U. S. 350; *Little Rock* v. *Merchants' Nat. Bank*, 98 U. S. 308; *Wall* v. *Monroe Co.*, 103 U. S. 78; *Hill* v. *City of Memphis*, 134 U. S. 198, 10 Sup. Ct. Rep. 562; *Merrill* v. *Monticello*, 138 U. S. 673, 11 Sup. Ct. Rep. 441.

They show, no doubt, that when a municipal corporation sells bonds which are void, and receives the money, it may be compelled to restore it in an action for money had and received. So when a municipal corporation is authorized to purchase property for any purpose, or to contract for the erection of public buildings or for any other public work, and it enters into such authorized contract, but pays for the property acquired or work done in negotiable securities which it has no express or implied power to issue. it may be compelled to pay for that which it has received in a suit brought for that purpose. In no case, however, does it appear that a suit has been sustained on a void bond, treating it as nonnegotiable, and as something entirely different from what the parties intended it should be. As the court understands the cases, suit must be brought on the implied promise which the law raises to pay the value of that which the municipality has received, but has in fact not paid for, because the securities issued in pretended payment were void. The demurrer to the plea must accordingly be overruled, because the first count is bad if it is regarded as stating a cause of action on the bonds. If it is treated as a suit to recover the value of certain stock

which the town lawfully subscribed and acquired, and has not paid for, then the plea of the statute may be a good plea. At all events, it does not affirmatively appear that the plea in that event is untenable.

The demurrer is overruled.