MONROE v. ANDERSON. PRICE et al v. SAME. RIGGS et al v. SAME. PATTERSON v. SAME.

(Circuit Court of Appeals, Third Circuit. November 3, 1893.)

Nos. 4, 5, 6, and 7.

1. DESIGN PATENTS—TEST OF INFRINGEMENT.
   Infringement of a design patent is to be determined by the inquiry whether the two designs would appear to be the same to the eye of an ordinary observer, giving such attention to design as a purchaser usually gives, and not whether an ordinary purchaser, giving no attention to design, might not be led to buy the article bearing one of the designs, supposing it to be the article bearing the other.

2. SAME—INFRINGEMENT—DAMAGES—STATUTORY LIABILITY.
   The liability imposed by the act of February 4, 1887, for infringement of a design patent is in the nature of damages, and not liquidated profits; and therefore cannot be recovered from one who infringes in actual ignorance of the patent, when the patentee has failed to mark his article "Patented," as required by Rev. St. § 4900.

3. SAME—PARTICULAR PATENTS—DESIGNS FOR MANTELS.
   Letters patent No. 19,873, issued June 3, 1890, to William Anderson, for a design for mantels, are not infringed by mantels made in accordance with design patent No. 21,155, issued November 10, 1891, to Edward T. Germain. 55 Fed. Rep. 398, reversed.

Appeals from the Circuit Court of the United States for the Western District of Pennsylvania.

In Equity. These were four suits brought by William Anderson, one against W. T. Monroe, one against Joseph Price and James A. McMinn, doing business as Price & McMinn, one against R. L. Riggs and Bert Hubbell, doing business as Riggs & Hubbell, and one against

James E. Patterson, for infringement of design patent No. 19,873, granted June 3, 1890, to William Anderson, for a design for mantels. The alleged infringing design was covered by letters patent No. 21,155, issued November 10, 1891, to Edward T. Germain. There was a decree for complainant in the court below, (55 Fed. Rep. 398,) and respondents appeal. Reversed.

W. Bakewell, James K. Bakewell, and Thomas W. Bakewell, for appellants.

William L. Pierce, for appellee.

Before SHIRAS, Circuit Justice, and ACHESON and DALLAS, Circuit Judges.

DALLAS, Circuit Judge. These cases were all disposed of by the court below in a single opinion, and may now be considered together. They were suits in equity brought by the appellee against the respective appellants, for alleged infringement of letters patent of the United States No. 19,873, dated June 3, 1890, granted to William Anderson, the appellee, for a "design for mantel." The question of infringement is the only one which it is necessary for us to consider. Counsel for the appellee has insisted in his argument to this court that "Gorham Co. v. White, 14 Wall. 511, is decisive of this case," and the learned judge below, to whom, no doubt, the same contention had been addressed, was brought to the conclusion, which he expressed in these words:

"Tested by the law of infringement as laid down in Gorham Co v. White, and cases following its lead, we are constrained to hold the respondent has infringed the patent in suit."

The case thus relied upon by both court and counsel is a leading one, and it is, of course, of controlling authority in this court; but we think that, while the rule which it established was clearly perceived, attention was diverted from observation of the precise subject to which that rule is properly related. In the opinion of the court (page 528) the doctrine upon which the judgment rests is thus tersely expressed by Mr. Justice Strong:

"We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same,—if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other,—the first one patented is infringed by the other."

The test for ascertainment of whether an asserted difference is substantial or colorable is here plainly stated, and the thing to which that test is to be applied is also clearly indicated. The point to be determined by the criterion sanctioned is whether "the designs are substantially the same;" that is, whether a purchaser, giving the usual attention to the subject-matter of the patent,—the design,—would be deceived into supposing the two designs to be the same; not whether a purchaser not giving any attention to design might be led to assume that an article embodying the one design was the same article as another by or upon which the other design had been portrayed. The patent alleged to have been in-

fringed in Gorham Co. v. White was for a design known as the "cottage pattern" for the handles of spoons and forks. Much testimony was taken with reference to "identity of appearance" or "sameness of effect upon the eye," but the extracts furnished by the reporter disclose that it was directed to the sameness of, or difference between, the "design" or "pattern," and no one appears to have doubted that the circuit court was right in its assumption (page 518) that this was the true question. That the supreme court so dealt with the evidence appears upon several pages (528 et seq.) of its opinion, from which we quote a single additional sentence:

"A large number of witnesses familiar with designs, and most of them engaged in the trade, testify that, in their opinion, there is no substantial difference in the three designs, and that ordinary purchasers would be likely to mistake the White designs for the cottage."

Now, as to the case before us: The suit was brought upon a patent, not for a mantel, but for "a design for mantel," and yet the record shows that inquiry and consideration were addressed, not to the determination of whether the two designs would appear to be the same to the eye of an ordinary observer, giving such attention to design as a purchaser usually gives, but to whether an ordinary purchaser (not excluding purchasers giving no attention to design) might not be led to buy the one mantel supposing it to be the other. At best, the patented design, and that which is alleged to infringe, are not of a very high order, and the mantels to which they are applied are quite commonplace in style and character. It is by no means improbable that an ordinary purchaser would be wholly regardless of, and absolutely inattentive to, such designs upon such articles, and it may readily be supposed that such a purchaser might be misled by a statement that the German mantel (having the alleged infringing design) was that of the complainant below. But design is a distinct matter; and, as to that, accepting the suggestion of the learned counsel for the appellee that nothing is entitled to more weight with the court than "the testimony of its own eyesight," we can only say that each of the three judges who heard the argument of this case is, from observation of the two designs, entirely satisfied that they are substantially different in their effect upon the eye, and that his perception of this difference was not dependent upon the fact that he saw the two designs side by side, and heard counsel compare and contrast them, but that their difference in appearance would be manifest to an ordinary observer, giving the usual attention (if any) of a purchaser to that subject. The details of the two designs are, in several particulars, not the same, but to this we would attach no importance if the general effect was substantially identical. On the other hand, their elementary features are, to a very considerable extent, precisely alike, yet this, too, is immaterial, because the impression of the whole upon the eye of even a casual observer is made plainly different, not only by the partial diversity of their elements, but also by the difference in arrangement and correlation of the constituents which are common to both. "Rosettes,"

"beveled edges," "reeds," "moldings," and the like devices for configuration and ornamentation, have long been familiar to the trade of the carpenter. They could not have been exclusively appropriated by the patentee, and he did not claim them. He claimed a specific design composed of old figures, and produced by well-known methods. His title to that for which he asked and obtained a patent need not be questioned; but to hold that his right is invaded by the use of the same figures, and the practice of the same method, for the production of the very different design of which he now complains, would be to extend his monopoly beyond the terms of his grant, or of any grant which, under the law, would be possible.

What has been said applies to all the infringements alleged, except that, in the case of Monroe only, there was a single, trivial sale where the design used was admittedly that of the complainant. But this sale was made before Monroe knew of the issue of the patent, was not repeated, and is quite apart from the real subject of controversy. Its effect was not passed upon by the court below, and the views which we entertain with respect to it may be very briefly indicated. At the time this particular sale was made the requirements of section 4900 of the Revised Statutes with respect to notice to the public had not been complied with. Therefore no damages could be recovered; and the liability imposed by the act of February 4, 1887, (1 Supp. Rev. St. p. 533,) is a statutory penalty in the nature of damages, and not, as has been contended, a "profit liquidated." It was not alleged, and could not have been reasonably asserted, that persistence in this acknowledged use of the exact design covered by the patent was apprehended, and therefore a decree for injunction could not have been founded upon it.

The decree of the circuit court is, in each of the cases named at the head of this opinion, reversed, with costs.