ANDERSON v. MONROE. SAME v. RIGGS et al. SAME v. PATTERSON.

(Circuit Court of Appeals, Third Circuit. November 3, 1893.)

Nos. 8, 9, and 10.

PATENTS FOR INVENTIONS—DEFENSE OF PRIOR SALE—QUANTUM OF PROOF.
    The defense of prior sale must be proved beyond reasonable doubt, but not to the exclusion of all possibility of conjecture to the contrary. 55 Fed. Rep. 407, affirmed.

Appeals from the Circuit Court of the United States for the Western District of Pennsylvania.

In Equity. Suits brought by William Anderson—one against W. T. Monroe, one against R. L. Riggs and Bert Hubbell, doing business as Riggs & Hubbell, and one against James E. Patterson—for infringement of design patent No. 19,877, issued June 3, 1890, to William Anderson, for a design for mantels. The bills were dismissed below, (55 Fed. Rep. 407,) and complainant appeals. Affirmed.

Wm. L. Pierce, for appellant.

James K. Bakewell and W. Bakewell, for appellees.

Before SHIRAS, Circuit Justice, and ACHESON and DALLAS, Circuit Judges.

DALLAS, Circuit Judge. The only specific assignment of error in these cases has not been sustained. It is that "the court erred in finding that mantels embodying the patented design had been on sale more than two years prior to the application for a patent therefor." Upon the issue of fact presented, the burden was on the defendant below to support the affirmative beyond reasonable doubt, but not to the exclusion of all possibility of conjecture to the contrary. "None but mathematical truth is susceptible of that high degree of evidence called 'demonstration,' which excludes all possibility of error. In the investigation of matters of fact, such evidence cannot be obtained, and the most that can be said is that there is no reasonable doubt concerning them." Conceding to the appellant the benefit of the most rigorous application of the rule with regard to the strictness of proof required to establish the defense of sale made more than two years prior to date of application for patent, careful examination of this record has fully satisfied us that the evidence in these cases was rightly considered by the circuit court, and abundantly justifies its finding that "a sale was intended by the parties, and was consummated as early as March 15th, which was more than two years prior to the application."

The decree of the circuit court is, in each of the cases named at the head of this opinion, affirmed, with costs.