BRADDOCK GLASS CO., Limited, et al. v. MACBETH et al.

(Circuit Court of Appeals, Third Circuit. November 2, 1894.)

No. 14.

1. DESIGN PATENTS—NOVELTY.
    The novelty of a design is to be tested, not by investigation of the means employed for its creation, but by ocular comparison of the design itself with the prior designs, which are alleged to be substantially the same.

2. SAME—INFRINGEMENT.
    A design will be *held* to be an infringement where it unquestionably produces the same effect upon the eye as that of the patented design.

3. SAME—INJUNCTION.
    The fact that defendants have ceased manufacturing within the district is no reason for refusing equitable relief from the infringement of a design patent, where an individual defendant and the officers of defendant company are still associated in the general business without the jurisdiction of the court.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit by George A. Macbeth and George A. Macbeth & Co. against the Braddock Glass Company, Limited, and W. R. McCloy, for infringement of the Dietrich design patent for lamp chimney tops, No. 14,373, granted October 30, 1893, to George A. Macbeth, assignee of Henry Dietrich. A preliminary injunction was granted (54 Fed. 173), and on final hearing a decree was rendered for complainants by the circuit court, with the following opinion (Buffington, District Judge; Acheson, Circuit Judge, concurring):

This bill was filed by George A. Macbeth and the firm of George A. Macbeth & Co. against the Braddock Glass Company, Limited, and W. R. McCloy, for alleged infringement of design patent No. 14,373, for lamp chimneys, granted October 30, 1883, to Henry Dietrich, assignor to George A. Macbeth, who was the licenser of complainant firm. After issue joined and proofs taken, the letters were assigned to the George A. Macbeth Company, a corporation, which fact was set forth in a plea wherein it was alleged the bill had become defective for want of proper parties. To this plea complainants filed an answer, alleging that before said plea a reassignment had been made by the

George A. Macbeth Company to said George A. Macbeth of the letters patent, so far as the territory embraced in the infringement complained of was concerned. A motion to strike off this answer was denied, and leave given complainants to file a supplemental bill, which was done, and to it plea and answer were filed. It was then stipulated the replication already filed should stand to the answer to the supplemental bill, the plea be set down for argument, and the testimony considered as though taken after supplemental bill filed.

This case concerns three chimneys known as Braddock Nos. 1, 2, and 3, respectively. By stipulation it is admitted they were made and sold by respondents prior to the filing of the bill. In defense it is alleged the letters were not granted for the same invention for which Dietrich applied; that his application was unlawfully changed by amendment; novelty and patentability in the design were denied, as also infringement thereof. In the plea to the supplemental bill it is further alleged that respondents' works, with all tools for making the devices complained of, and all manufactured stock thereof, were burned nearly two years prior to filing the plea; that respondents have done no work in this district since, and the principal officers have all moved to the state of Indiana; that, an accounting having been waived at bar, no ground for equitable relief now exists. The validity of the Dietrich patent has heretofore been passed upon in this circuit in Macbeth v. Evans, at Pittsburgh, and in Macbeth v. Gillinder, at Philadelphia (54 Fed. 169), and requires no further discussion. The anticipation now urged in the prior use at the Independent Glass Company factory was heard on affidavits, when a preliminary injunction was asked for, and the conclusion reached that the making by the Independent Company of chimneys with small crimps did not begin until it was suggested to Ward, the manager, by the sight of a chimney having the Dietrich design, and the opinion was expressed that respondents' witnesses were mistaken in the year. Macbeth v. Glass Co., 54 Fed. 173. The testimony of these affiants when called on the stand and cross-examined in the subsequent stages of the case has made this even more clear, and satisfies us of the correctness of the conclusion then reached. It was held at the same time that Exhibits Braddock Nos. 1, 2, and 3 were infringements, and an injunction was granted. While a number of witnesses have since been called by complainants to show that, giving the attention an ordinary purchaser does, they would have bought the enjoined chimneys under the impression they were buying the Dietrich or "pearl-top" design, yet respondents have called none to prove the contrary. We see no reason, either from the testimony or from our own examination of the enjoined devices, to differ from the conclusion then reached as to infringement. Nor is there any reason why the injunction should not be made permanent, though respondents have ceased manufacturing in this district. Mr. McCloy, a defendant, and the other officers of the respondent company, are still associated in the glass business, and that they are now without the jurisdiction is possibly the more reason why, in this protracted litigation, there should be a decree and injunction which would avoid further litigation on the same subject-matter between the same parties in another tribunal. In such decree and injunction Mr. McCloy should be included. The bill was against him personally. He filed a "joint answer" with the Braddock Glass Company, Limited, and did not deny his personal liability. They joined in their defense by a joint and several plea, and the proofs show he was the active managing officer of the limited partnership. By stipulation, made before any testimony taken, it was admitted the three chimneys noted "were made and sold by the defendants prior to the bringing of the bill." To restrict the decree to a limited partnership, whose solvency, even to the extent of costs, is questionable, would be to ignore the issues and stipulation upon which the case was conducted. While it is a disputed question whether a manager of a company is personally responsible for infringing acts, it is universally conceded that such officers may be enjoined against future infringement. 3 Rob. Pat. 79. Nor do we think the rights vested in complainants by the grants of the letters patent are affected by the proceedings shown in the file wrapper. Dietrich's first application and drawing showed three distinct designs. The application was rejected because only one could be embraced in a design patent.

Two of them were withdrawn (neither of which has any resemblance to the infringing device), the application was amended to conform therewith, and thus amended and based on the remaining design was prosecuted and duly allowed. We see no objection to this course of procedure, followed at the suggestion of the patent office authorities, and upon the entire case we are of opinion the complainants are entitled to a decree.

The cause is now heard on defendants' appeal.

Wm. L. Pierce, for appellants.

James I. Kay and George H. Christy, for appellees.

Before DALLAS, Circuit Judge, and WALES, District Judge.

DALLAS, Circuit Judge. By the decree appealed from it was adjudged that the letters patent No. 14,373, granted to George A. Macbeth, assignee of Henry Dietrich, on October 30, 1883, for designs for lamp chimneys, is valid, and that it had been infringed by the defendants below; and thereupon a perpetual injunction and the payment by the defendants to the complainants of $250, being the minimum damages provided for in the act of congress of February 4, 1887, together with the costs of the suit, were ordered.

The only assignments of error which have been pressed are as follows:

"(1) The court erred in holding that it was patentable merely to double the number of crimps at the top of a chimney. (2) The court erred in holding that respondents' chimneys infringed. (3) The court erred in permitting the filing of a supplemental bill." "(6) The court erred in sustaining complainants' bill."

The decree does not embody a finding "that it was patentable merely to double the number of crimps at the top of a chimney," and that position is not taken in the opinion of the circuit court, nor is it necessary, or even pertinent, to its conclusion. The argument for the appellants would be of greater force if the patent in suit, instead of being for a design, was for the mechanism of its construction. It has been made plainly obvious to us, and seems to be fully recognized by the trade, that the appearance of the patented design is very different from that of any other which had previously existed; and, this being so, the method of its production is irrelevant. The novelty of a design is to be tested, not by investigation of the means employed for its creation, but by ocular comparison of the design itself with the prior designs which are alleged to be substantially the same, and when tried by this test the novelty of the design covered by the patent in suit is made quite apparent.

The second assignment presents, conversely, the same question as the first, and for like reason cannot be sustained. The designs of the appellants unquestionably produce the same effect upon the eye as that of the appellees, and therefore the former conflict with the latter.

The argument submitted in connection with the third assignment, and the ground upon which it is based, are stated in the appellants' brief as follows:

"No equitable relief was required at the time of filing of the supplemental bill. For twenty months the defendants had been out of business, * * * and the complainants were not entitled to an injunction. There was, therefore, no basis of equitable relief."

Root v. Railroad Co., 105 U. S. 189, is relied upon as an authority for this contention, but does not support it. In our opinion, the point was rightly disposed of by the learned judge below, who said:

"Nor is there any reason why the injunction should not be made permanent, though respondents have ceased manufacturing in this district. Mr. McCloy, a defendant, and the other officers of the respondent company, are still associated in the glass business, and that they are now without the jurisdiction is possibly the more reason why, in this protracted litigation, there should be a decree and injunction which would avoid further litigation on the same subject-matter between the same parties in another tribunal."

The sixth assignment does not set out the particular error intended to be alleged. It therefore does not conform to the eleventh rule of this court, and, according to that rule, might be wholly disregarded. But we have fully examined the record, and considered the argument on behalf of the appellants, and are not convinced that any error is disclosed or has been made to appear. Therefore the decree is affirmed, with costs.

NOTE. For other cases involving a construction of this patent, see Geo. A. Macbeth Co. v. Lippencott Glass Co., 54 Fed. 167; Macbeth v. Gillinder, Id. 169, 171.