## THE C. R. STONE.

### O'CONNELL v. THE C. R. STONE.

(District Court, S. D. New York. April 26, 1895.)

SALVAGE—NEGLIGENCE—RECOVERY OVER—JOINT NEGLIGENCE OF TUG AND TOW —SALVAGE COSTS.

The libelant's scow, while left temporarily by her tug, having drifted out to sea through insufficient anchoring, and $1,200 adjudged against her for salvage having been paid by libelant, *held*, that libelant was entitled to recover against the tug in fault, but not for costs of the salvage suit; and it appearing that it was the duty of the libelant's man on board the scow, as well as of the tug's captain, to attend to suitable anchoring, *held*, that but half of the salvage paid was recoverable.

This was a libel by Daniel O'Connell against the steam tug C. R. Stone to recover the amount of a salvage award paid by libelant.

Stewart & Macklin, for libelant.

Wing, Putnam & Burlingham, for claimants.

BROWN, District Judge. The libelant's dumper scow No. 2 having been in charge of the steam tug C. R. Stone after dumping part of her load off Rockaway Beach, and refusing to dump the residue, was brought a few miles towards the shore and there anchored in a fresh breeze. The scow drifted out to sea and was picked up by the Idlewild, for which a salvage award of $1,200 was allowed in this court. This libel is filed to recover the amount of the award, together with the costs and expenses of that suit.

The costs and expenses of the salvage suit, under the authorities, cannot be allowed. Greenwood v. The Fletcher, 42 Fed. 504; La Champagne, 53 Fed. 398. The salvage award should be allowed if going adrift was through the fault of the Stone.

Whatever the fact may be as regards the other faults alleged on either side, viz., the lack of a sufficient hawser by the Stone, or of a good spare hawser, or of sufficient water and coal, or whether the towage of the scow was made materially more difficult by the moderate list occasioned by her failure to dump her cargo completely, the direct and immediate cause of her going adrift and incurring a salvage expense was plainly the lack of sufficient anchorage. Besides the anchor put out, there was another anchor belonging to the scow with sufficient line to have added materially to the strength of the anchorage, and that anchor was not made use of.

The libelant claims that the whole responsibility for not sufficiently anchoring the scow rested with the tug. The testimony as respects the duties of the boatmen in charge of the scow is slight. From previous cases of the kind before me, my impression has been that it was a part of the duty of the boatmen to look after the security of his boat, and this is inferentially sustained by some passages in the testimony in this case. In the absence of contrary testimony on this point, therefore, I think I ought to find that under circumstances like the present, it was the duty of the boatmen, as well as of the tug having the tow in charge, to make use of both the anchors available for secure anchorage, when they proposed to leave the scow for the night unattended and in a strong wind; and that the failure to put out two anchors instead of one was ·culpable in both. The libelant, therefore, can recover but half the amount of the salvage award, viz., $600, with interest, and the costs of this suit. Decree accordingly.