## MATTHEWS & WILLARD MANUF'G CO. v. NATIONAL BRASS & IRON WORKS.

(Circuit Court, E. D. Pennsylvania. December 23, 1895.)

No. 20.

**1. DESIGN PATENTS—MARKING "PATENTED"—EVIDENCE.**

To recover damages for infringement of a design patent, plaintiff must show that all the articles sold by him were marked "patented." It is not sufficient to show that they were so marked "as a rule."

**2. SAME—INJUNCTION.**

An injunction will not be denied merely because it is shown that defendant did not intentionally violate the plaintiff's right, and that he does not propose to continue doing so, or that it is not probable that the infringement will be repeated.

This was a suit in equity by the Matthews & Willard Manufacturing Company against the National Brass & Iron Works for alleged infringement of a design patent.

Chas. L. Burdett, for complainant.

Hector T. Fenton, for defendant.

DALLAS, Circuit Judge. This is a suit upon letters patent No. 23,318, dated May 29, 1894, to John C. Miller, for a design for a slab for table tops. Their validity is not attacked. The bill alleges that "all said slabs for table tops made and sold" by, for, or under the owner of the patent, were marked as required by law. The answer denies this, and the affirmative of the issue thus raised has not been maintained. The complainant relies upon the testimony of John C. Miller, but it falls short of sustaining the averment of the bill, or proving compliance with the statute. The necessary averment is that the articles made under the patent were properly marked, but the only evidence is of marking "as a rule." This is not merely insufficient to establish the plaintiff's allegation. It impliedly refutes it, for the inference naturally deducible from testimony that a particular course has been pursued, as a rule, is that such course has not been uniform and persistent. The burden of proof was upon the plaintiff, and I am constrained to hold that he has failed to discharge it. There is nothing in the record to warrant belief that the defendant infringed after particular notice had been given to it, and complainant's counsel has not very seriously contended that it did. The consequence is that there can be no recovery of damages, for "one of these two things—marking the articles, or notice to the infringers—is made by the statute a prerequisite to the patentee's right to recover damages against them." Dunlap v. Schofield, 152 U. S. 248, 14 Sup. Ct. 576; Coupe v. Royer, 155 U. S. 584, 15 Sup. Ct. 199; Monroe v. Anderson, 7 C. C. A. 272, 58 Fed. 401; Traver v. Brown, 62 Fed. 935; Manufacturing Co. v. Bardsley, 66 Fed. 765.

The defendant has further insisted that it has not been shown that it was connected with, or in any manner responsible for, any act of infringement which has been proved; but, upon careful consideration of all the evidence, I have reached the conclusion that it is sufficient to fix upon the defendant the sale of the infringing table made through Mr. Hogg, in New York. The proof of Mr. Hogg's agency is not as clear as might be desirable, and I have hesitated upon the question, but can only repeat that, after reflecting upon it, I am convinced that the point has been established. There is, in my opinion, nothing in the circumstances of this case, or in the facts which have been urged by way of exculpation, which would justify the refusal of an injunction. That the defendant did not intentionally violate the plaintiff's right, that he does not propose to continue to do so, or that it is not probable that the infringement will be repeated,—all which facts he, not unreasonably, asserts,—cannot avail to defeat the right of the complainant to preventive relief. Celluloid Manuf'g Co. v. Arlington Manuf'g Co., 34 Fed. 324; White v. Wallbridge, 46 Fed. 526; Glass Co. v. Macbeth, 12 C. C. A. 70, 64 Fed. 118.

A decree for the complainant for injunction only will be entered.