BYRAM v. FRIEDBERGER.

(Circuit Court, E. D. Pennsylvania. December 20, 1897.)

**1. DESIGN PATENTS—INFRINGEMENT.**
To constitute an infringement of a design patent covering a combination of old parts with new, it is not enough that the old parts have been used, if for the new parts others are substituted which are not the same as those used by the patentee.

**2. SAME.**
In considering the question of infringement of a design patent, the method of production is irrelevant. The subject for consideration is not the process of creation, but the effect produced upon the eye by the things created. If there be such resemblance as to deceive a purchaser giving attention to design, there is an infringement.

**3. SAME—TRIMMINGS.**
The Byram patent, No. 23,886, for a design for trimmings for ladies' underwear, construed, and *held* not infringed.

This was a suit in equity by Frank A. Byram against defendant Friedberger for infringement of letters patent No. 23,886, granted December 25, 1894, to Frank A. Byram, for a design for trimming for ladies' underwear.

Jerome Carty, for complainant.
Harding & Harding, for defendant.

DALLAS, Circuit Judge. This is a suit in equity for alleged infringement by the defendant of design patent No. 23,886, dated December 25, 1894, issued to the plaintiff for a design for trimming. In the specification it is said:

"My invention has for its object the provision of a new and original design for trimming for ladies' underwear of the character fully disclosed by the accompanying drawings, wherein figures 1 and 2 are views of the back and front, respectively, of a portion of such trimming."

The drawings thus referred to are here reproduced:

Fig. 1.

Fig. 2.

The claim is:

"The design for trimming for ladies' underwear, substantially as shown and described."

There was no novelty in the two upper portions of this trimming; that is to say, the upper or gimp-like portion, called the "heading,"

and the parts immediately below it, consisting of bars or loops and intervening open spaces, called the "ribbon space," were, separately considered, undoubtedly old. All that, with any show of reason, could be asserted to have been in itself new, is the lower portion, consisting of the line with which the bars or loops before mentioned are connected, and the wheel-like figures connected with that line, as shown in the drawings. It is not, however, a valid objection to such a patent that some of the constituents of the design claimed had existed in the prior art. Old figures may by rearrangement or by being combined with new parts produce a novel effect; but, while I think this must be conceded, it is, in my opinion, also true that, to constitute infringement of such a combination, it is not enough that the old parts have been used by the alleged infringer, if for the new parts others which are not, in the sense of the patent law, the same as those of the patentee, are used.

In considering the question of infringement of a design patent, the method of production is irrelevant. Glass Co. v. Macbeth, 28 U. S. App. 106, 12 C. C. A. 70, and 64 Fed. 118. The subject for consideration is not the process of creation, but the effect produced upon the eye by the things created. If there be such resemblance between them as to deceive a purchaser, inducing him or her to purchase the one supposing it to be the other, the one which is patented is infringed by the later one. It is, however, always to be borne in mind, in applying this criterion, that the purchaser referred to is one who, in fact, does give some attention to design (Monroe v. Anderson, 17 U. S. App. 184, 7 C. C. A. 272, and 58 Fed. 398); and that the character of the design and of the fabric to which it is related, and the extent of discriminative examination likely to be made by the purchasers thereof, are to be taken into account. The patent in this case expressly states that the design in question is intended for trimming for ladies' underwear, and the evidence shows that there are very many such trimmings, and that the variations in their designs are generally so minute that to the casual masculine observer they would all no doubt seem to be very much alike. Yet between the patented trimming and that of the defendant, and in that part where, only, the plaintiff introduced any new element, there are differences which, though slight, may readily be discerned, and which (fabric and design both being nicely delicate) are quite sufficient to change the pattern. Jennings v. Kibbe, 24 Fed. 697. I am persuaded that no ordinary woman (who, if giving any attention to such a design, would probably closely scrutinize it) would purchase the defendant's trimming supposing it to be that of the plaintiff, and there is no proof that any one has in fact been so misled. Upon all the evidence I find that the charge of infringement has not been sustained, and therefore the bill is dismissed, with costs.