BYRAM v. FRIEDBERGER.

(Circuit Court of Appeals, Third Circuit. March 6, 1900.)

No. 27.

PATENTS—INFRINGEMENT—DESIGN FOR TRIMMING.
   The Byram design patent, No. 23,886, for a design for trimming for ladies' underwear, considered, and held not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Joshua Matlack, Jr., for appellant.
Frank Busser, for appellee.

Before ACHESON and GRAY, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge. The appellants, who were the complainants below, filed their bill to restrain the defendants from infringing their design patent, No. 23,886, dated December 25, 1894, which had for its object a new and original design for trimmings for ladies' underwear. 87 Fed. 559. The claim of the patent alleged to be infringed reads as follows: "The design for trimming for ladies' underwear, substantially as shown and described." Affixed to the patent are drawings representing views of the back and front, respectively, of such trimmings. They are the following:

It will be observed that this trimming consists of the heading or gimp-like portion, and the part immediately below it, which is made up of bars and loops and open spaces for the insertion of ribbon, and that the remaining portion consists of a chain or bar connecting the lower extremities of the pillar bars and ornamental sections of lace of a wheel-like pattern hanging from said chain or bar by loops which attach and connect them to a point about midway between the adjacent pillar bars. Of these parts, the heading and pillar bars were well known to the prior art, and the claim of novelty in the design is therefore limited to the pattern and arrangement of the wheel-like ornamental portion. The characteristics of this part of complainant's design lie in the peculiar shape and specific arrangement of these wheels and their connection to a clearly-defined horizontal bar interposed between the wheels and the pillar bar. These wheels are round in shape and appearance, and have radial spokes leading to the center. They are connected to the horizontal bar or chain at a point between and out of line with the pillar-bar threads, which gives them the effect of being suspended free from the chain to which the lower end of the pillar bar is attached. It appears from an inspection of the defendant's design that, while those parts of the trimming comprising the heading and pillar bars conform, as do the complainant's, to old and well-known designs, the ornamental section differs both in construction and appearance from that of the patent in suit. The suspended portions are not round in form or appearance. They are composed of squares transversed by three pillar bars, two of which are adapted to hold together the upper and lower sides of the figure, while the third bar passes directly through the center. "The open space within the geometrical figure is filled with light material, which imparts a lace-like appearance." The horizontal bar to which the complainant's wheels are attached is absent, and the crescent-shaped effect to which we have alluded as being produced thereby is wanting. These figures are also differently located. They are connected directly to the extremities of the pillar bar, instead of midway between them. Differing in shape as in the relative place and manner of suspension, the ornamental portion of defendant's device is readily distinguish-

able from that of complainant's. It has been said that in matters of design patents, infringement must be determined by the similarity of appearance evident to the eyes of an ordinary observer, and that an ordinary observer is an intending purchaser of the article in question, familiar with the various designs of the article sought to be purchased, and who seeks to purchase them for the uses to which they are generally adapted. The eye of the court is also that of a judge competent to pass upon the question of similarity. We have made a careful personal examination of the exhibits in the cause, and the differences which we have pointed out are to us so readily discernible that we doubt not they would be equally apparent to the ordinary observer. We cannot believe that an intending purchaser could confound the designs, nor be induced to accept the one as a "match" for the other, even in the absence of opportunity for actual comparison. We are of the opinion that the difference in the designs is so radical that there is no infringement. The decree of the circuit court is affirmed.