## BUERKLE et al. v. STANDARD HEATER CO.

(Circuit Court, D. Pennsylvania. January 12, 1901.)

1. ·PATENTS—WATER HEATERS.

The Buerkle patent, No. 29,584, for a design for a case or shell for water heaters, is not infringed by another design, though both are elliptical in form, where there is no such sameness of appearance to the eye as to constitute substantial identity.

2. SAME—INFRINGEMENT.

Where complainant's water heater is known in the trade and to the public as the "Monarch," and that name conspicuously appears on the case inclosing the heater, immediately below a lion's head, and the heater is distinctly marked with the name of the manufacturer, the patent for the case inclosing the heater is not infringed by one known in the trade and to the public as the "Standard," though of a somewhat similar form, where that name is plainly marked on the heater, as is also the name of defendant as manufacturer, and the designs are otherwise distinguishable.

In Equity. Sur motion for a preliminary injunction.

Christy & Christy, for complainants.

James C. Boyce and Chapman & Campbell, for respondent.

ACHESON, Circuit Judge. The bill charges infringement of letters patent No. 29,584, granted on November 1, 1898, to August Buerkle for a "design for a case or shell for water heaters." The specifications set forth the design in the words following:

"In the accompanying drawing, forming a part of this specification, is shown a perspective view of my new design for a case or shell for water heaters. The leading feature of the design is a case or shell having the side walls or panels, 1, the double-wing doors, 2, at the ends of the case or shell, and a sliding door, 3, about midway of the height of one of the side walls or panels. The doors, 2, are curved, thereby giving a circular contour to the ends of the case or shell."

The claim is in these words:

"I claim as my invention the design for a case or shell for water heaters, as herein shown and described."

For the right understanding of what the patented design is, the text of the specification must be read in connection with the patent drawing. The drawing, indeed, is a declared part of the specification. The only statement as to shape is that "the doors, 2, are curved," whereby a "circular contour" is given to the ends of the case or shell. The general form of the water heater exhibited by the drawing seems to be elliptical. The "side walls or panels, 1," present flat surfaces entirely plain. The drawing shows at each end of the case two pairs of hinged folding doors, one pair immediately above the other, each bearing the number 2. Each of the four upper doors has conspicuously in the center of its panel a lion's head in bas relief. These projecting lion heads are distinguishing marks. The panels of the lower doors are plain. The defendant's water heater is elliptical in form. It does not, however, have two pairs of folding doors at either end of the case, but one pair of folding doors at each end. These doors in the defendant's construction extend from the top to the bottom of the heater, and the panel of each door is conspicuously embellished its entire length with the figure of a stork standing on one

foot in front of a background of reeds, all in bas relief. The defendant's heater does not have a sliding door in the side panel, but has there, for a different purpose, a rigidly fixed plate, peculiarly ornamented. In general aspect the defendant's water heater, in its design, differs greatly from the design of the patent in suit. I cannot see how one of the designs could be taken for the other. It seems to me that the only feature common to the two designs is the general elliptical shape of the case or shell.

It is urged that Buerkle was the first to construct a water-heater case in elliptical form, and this may be so. It appears, however, that that form was old and common in coal and gas stoves and heaters; and it cannot, I think, be successfully maintained that it involved invention to select this old form and apply it to such new use. Smith v. Saddle Co., 148 U. S. 674, 679, 13 Sup. Ct. 768, 37 L. Ed. 606. Again, the patented design is by no means confined to the shape or configuration of the case or shell. It is true, as we have seen, that the specification states that "the leading feature of the design is a case or shell" having certain named parts and characteristics, one of which characteristics, it may be conceded, is shape or configuration. Clearly, however, other distinguishing characteristics are present in the described design. Undoubtedly the design as shown by the patent drawing and described in the text of the specification was claimed and patented as a whole. The main test of the substantial identity of two designs is sameness of appearance to the eye of the ordinary observer. Manufacturing Co. v. White, 14 Wall. 511, 20 L. Ed. 731; Smith v. Saddle Co., supra; Monroe v. Anderson, 17 U. S. App. 184, 7 C. C. A. 272, 58 Fed. 398. Now, applying this test to the complainants' patented design and the design embodied in the defendant's water heater, I must conclude that infringement by the defendant of the patent in suit does not appear.

There is no evidence of any bad faith or unfair competition on the part of the defendant. The complainants' water heater is known in the trade and to the public as the "Monarch," and that name conspicuously appears on the case immediately below each lion head. The heater is also distinctly marked with the name of the Monarch Water-Heater Company as the manufacturer. The defendant's water heater is known in the trade and to the public as the "Standard," and that name is plainly marked on the heater, as is also the name of the defendant as manufacturer. The most unobservant and careless purchaser could not well mistake one of the defendant's heaters for one of the complainants' heaters. The motion for a preliminary injunction is denied.