ZIDELL v. DEXTER et al.

(District Court, S. D. California, S. D.   July 2, 1919.)

No. E–3.

PATENTS ⬤═328—INFRINGEMENT—DESIGN FOR CHILD'S ROMPER.

The Zidell design patent, No. 52,720, for design for child's romper, *held* valid, and infringed by one design made by defendant, but not by others.

In Equity. Suit by William I. Zidell against Mrs. Billie Dexter, trading as the Billie Bumps Manufacturing Company, and Arthur Letts, trading as the Broadway Department Store. Decree for defendants.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal., for plaintiff.

W. R. Litzenberg, of Los Angeles, Cal., for defendants.

TRIPPET, District Judge. This suit was brought to establish that certain articles of manufacture are infringements of a patent for "children's rompers." The design is very beautiful and attractive, and is called the "Patsy Romper." I stated at the close of the trial of this case that I was satisfied that the plaintiff had a valid patent. It is necessary, however, to determine whether or not there is an infringement in this case. The rule to determine whether or not there is an infringement is stated in Gorham Co. v. White, 81 U. S. (14 Wall.) 511, 20 L. Ed. 731, and in Byram v. Friedberger, 100 Fed. 963, 41 C. C. A. 121, as follows: That if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one, supposing it to be the other, there would be an infringement.

It is difficult to apply this rule. We must recognize the difficulty the court has in assuming the rôle of a purchaser. The court, however, in this case may find aid in analyzing the article of manufacture in question and dividing it into features. The article readily lends its aid to such an analysis. This course, it seems, is justified from the reasoning of the court in Smith v. Whitman Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768, 37 L. Ed. 606, where an analysis was made to show the relation of the article to the prior art. This analysis is not for the purpose of comparing the features of the patented article with parts of the alleged infringing articles, because such a separate comparison would do away with the rule above stated, that the infringement must be determined by a similarity of appearance as a whole. It is necessary, however, in this case to make such an analysis and separation of parts, in order to determine what is the scope of the plaintiff's patent. When we shall have ascertained that, then we can more readily determine whether or not the alleged infringing articles really infringe, in view of such scope of the patent. In making the analysis we must bear in mind that we are analyzing an ornamental design, and must

not take into consideration the utility, if any, of the parts of the article of manufacture.

We find in this patented article the following features: (1) A Dutch or square neck. (2) Short kimono sleeves. (3) Flaring hips. (4) Blanket stitch on the neck and the cuffs of the arms and legs. (5) Waistband with large buttons, giving the article the effect of a two-piece garment, whether it is or not.

It will be readily observed that each of these features serves no useful purpose with the exception, of course, of the neck and sleeves. Cutting the neck square, using a certain kind of sleeve, and the other features of the article placed thereon, are to create an ornate appearance. We can ascertain whether these parts are material by determining whether or not the design creates the same general appearance, when either is eliminated from the article. It seems to the court that the patent clearly embraces each of these features. The question arises: Would the Patent Office have issued a patent upon the article, with either of these features lacking in the article? If the plaintiff had applied for a patent upon this article, minus, for instance, features (4) and (5) would the Patent Office have granted the plaintiff a patent? But if the plaintiff had secured a patent, minus both or either of these features, it would have been an infringement of the patent to have made a garment with all the other features, to which were added features (4) or (5). Each of these features being in the patent, and the scope of the patent being thereby narrowed, the court must look to the alleged infringing garment, to ascertain whether each of these parts is present, or whether there has been a substitution of an equivalent which would give the article the same general appearance.

Analogous to the rule in mechanical patents, it seems to the court that in this case a garment, which does not contain all of the features contained in the garment patented, or a substitution of an equivalent, giving the article the same general appearance, should not be held to infringe. In saying this the court has in mind that a garment which has substantially the same appearance is an infringement. What the court has in mind may be illustrated thus: The blanket stitch, or the waistband with the buttons, might be exaggerated or minimized, and still the feature be present. In Exhibit 4, these features are not present at all in any form. Now, let us look at the two garments as to their general appearance. The court is of the opinion that a purchaser, looking at these two garments, side by side, would at once discover the distinction. There can be no doubt about that. But take Exhibit 4, the alleged infringing garment, and put it on sale separate and apart from the patented garment; what would be its general appearance and effect upon the ordinary purchaser? The court is of the opinion that features (4) and (5) are so distinctive in character that a purchaser familiar with the "Patsy Romper" would at once remark the absence of these features. In the patent the pictures of the design make these features (4) and (5) very clear, and one would almost say the dominating features of the article. There has been no substitution of anything to take the place of features (4) and (5). There is, it is true, a waist-

band in Exhibit No. 4; but the buttons are absent, and the waistband does not have the effect of a two-piece garment.

The court is of the opinion, however, that Exhibit 4 was manufactured and put on sale as a substitute for the patented article, and the parties intended to copy part of the plaintiff's design. They, however, left off the blanket stitch and the buttons, changed the appearance of the waistband, and cheapened the garment. By so doing, notwithstanding the intention to appropriate part of the plaintiff's design, they have escaped infringement by such changes.

As to Exhibit No. 5: Everything is present in Exhibit No. 5 that is set forth in the patent, with the exception of the blanket stitch on the neck and cuffs of the arms and legs. The colors used in Exhibit No. 5 would prevent a person from noticing the absence of the stitch. Colors, however, are no part of the design, and there is nothing used in this exhibit which is an equivalent to the blanket stitch. This blanket stitch being put on the romper for adornment and being a distinctive feature, it must be found in the alleged infringing article substantially as shown, or a substitution of an equivalent which would give the article the same general appearance. I am therefore of the opinion that Exhibit No. 5 does not infringe.

As to Exhibit No. 6: The only difference worthy of notice between the article patented and Exhibit No. 6 is in the absence of the square neck, the addition of a belt to cover the waistband, and the pockets in the flaring hips. Exhibit No. 6 was evidently created in the shape in which it is for the very purpose of avoiding the patent, by having a neck in the shape of a heart, rather than a square neck. But the change in that regard is not substantial. The creator of Exhibit No. 6 has added a belt to the garment, which cannot be done to avoid infringement. Exhibit No. 6 embodies all the features of the patented article, and the addition of the belt is of no consequence. The pockets in the flaring hips may be both useful and ornamental to this design, but it is something added to the patented article. The court is of the opinion that Exhibit No. 6 infringes.

As to Exhibit No. 8: There are two features absent, the blanket stitch and the flaring hips, and there is a difference of appearance in the waistband from that of the patented article. The decision is that Exhibit No. 8 does not infringe.